UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Antonio King</u>

    v.                           Civil No. 04-cv-356-JD

<u>Cesar Rivas, et al.</u>


O R D E R

      Antonio King moves to have certain statements of fact, based on the jury's verdict in <u>Surprenant v. Rivas</u>, 02-cv-391-JD, and the appellate decision, <u>Surprenant v. Rivas</u>, 424 F.3d 5 (1st Cir. 2005), read as part of the jury instructions pursuant to the doctrine of non-mutual offensive collateral estoppel.  "Non-mutual collateral estoppel may be asserted offensively . . . "to tie the defendants' hands with an adversely decided issue from a previous case. . . ."  <u>Acevedo-Garcia v. Monroig</u>, 351 F.3d 547, 574 (2003).  Its use, however, is limited to circumstances that do not raise concerns about promoting judicial economy and fairness to the defendant.  <u>Id.</u>  The defendants oppose the plaintiff's motion.

      As a preliminary matter, the defendants argue that non-mutual collateral estoppel is not available against "the government," citing <u>United States v. Mendoza</u>, 464 U.S. 154 (1984).  The defendants argue that, although two of them are sued in their individual rather than official capacities, they should

all be deemed to be "the government" for purposes of this issue. The defendants' argument is not persuasive.

In Mendoza, the Supreme Court held that non-mutual collateral estoppel is not available against the federal government to preclude relitigation of issues. Id. at 160. Some federal courts have adopted the reasoning of Mendoza to preclude the use of non-mutual collateral estoppel against a state or state agency. See, e.g., Idaho Potato Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 713-14 (9th Cir. 2005); Chambers v. Ohio Dep't of Human Servs., 145 F.3d 793, 801 n.14 (6th Cir. 1998). The defendants cite no case in which a court stretched the holding in Mendoza to apply to a municipal defendant or individuals, such as themselves. Cf. Acevedo-Garcia, 351 F.3d at 574-76 (applying non-mutual collateral estoppel analysis in case with municipal defendants but concluding that lack of full and fair opportunity to litigate issue barred its use). Therefore, the holding in Mendoza does not support the defendants' position.

All but one of the statements presented by King to be read as instructions to the jury are worded in terms of conduct by the defendants toward Jason Surprenant. As the defendants point out, in the context of this case, those statements lack relevance except as evidence of other bad acts that would not be admissible absent an applicable exception to Federal Rule of Evidence

404(b). Because King did not address Rule 404(b), the statements referencing Surprenant are not admissible and cannot be included as instructions to the jury.[1]

One of the requested statements is not phrased in terms of Jason Surprenant. That statement is: "an official policy, custom, or practice at the jail governed the conditions of confinement in Unit 2B between July 14 and August 9 of 2002." It is undisputed that King and Surprenant were both held in Unit 2B during that time. In Surprenant's case, the jury found that the conditions in Unit 2B during that time were imposed pursuant to a policy, custom, or practice. Surprenant, 424 F.3d at 20. On appeal, the court concluded that "[t]he conditions of confinement were apparent to all and their risks were readily apparent," id. at 20, and affirmed the verdict, id. at 21. Therefore, the fact that the conditions in Unit 2B between July 14 and August 9, 2002, were imposed pursuant to an official policy, custom, or practice is established by the result in Surprenant. That fact does not establish, however, what particular conditions King experienced during that time. King must prove those conditions at trial.

---

[1] King has not waived the issue of the use of collateral estoppel. Contrary to the defendants' argument, any pretrial question about the admissibility of evidence is unresolved until ruled upon by the court.

As <u>Acevedo-Garcia</u> makes plain, a fact established by prior litigation is not susceptible of use pursuant to the doctrine of offensive non-mutual collateral estoppel unless certain concerns of fairness are resolved in the plaintiff's favor.  <u>Id.</u> at 574-76.  Neither the concern that a plaintiff will "wait and see" or that a defendant will have had little incentive to litigate in the first action is applicable here.  The most important consideration, whether the defendants had "full and fair opportunity to litigate their claims' in the first trial" is addressed as follows.  <u>Id.</u> at 575 (internal quotation marks omitted).

The issue of whether the conditions of confinement on Unit 2B were imposed pursuant to an official policy, custom, or practice is the same in both cases, and the issue was litigated both at trial and on appeal in Surprenant's case.  The issue has been determined by a final binding judgment.  The issue was essential in Surprenant's case, as it is here, to establish the liability of the Hillsborough County Department of Corrections for the conditions of confinement imposed on pretrial detainees in Unit 2b during the stated time period.  <u>See</u> <u>Surprenant</u>, 424 F.3d at 20-21.  Therefore, in this case, it is established by the jury's verdict and the First Circuit's decision in <u>Surprenant</u> that the conditions of confinement on Unit 2b between July 14 and

4

August 9, 2002, "were imposed pursuant to recognized prison policy, custom, or practice."  Id. at 21.

## Conclusion

For the foregoing reasons, the plaintiff's motion for instructions (document no. 25) is granted as to the statement that "an official policy, custom, or practice at the jail governed the conditions of confinement in Unit 2B between July 14 and August 9, 2002," and is otherwise denied.  Because that fact is established by prior litigation, it may be used throughout the litigation of this case and will be included in the instructions to the jury.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 17, 2006

cc:  John A. Curran, Esquire
     Elizabeth L. Hurley, Esquire
     Michael J. Sheehan, Esquire