UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

Antonio King,
    Plaintiff,

v.      Civil No.   04-CV-356-SM

Cesar Rivas et al.,
    Defendants.

**Motion for Attorney's Fees**

Plaintiff Antonio King, through counsel, respectfully moves this court pursuant to 42 U.S.C. §1988, for an award of $21,100.50 in attorney's fees and $1,479.93, in costs, for a total of $22,580.43 related to the plaintiff's verdict in the above matter.

In support of this motion, plaintiff represents as follows:

1. Plaintiff brought this action alleging three basic claims: 1) that defendant Rivas falsely accused plaintiff of trying to take him hostage; 2) that defendant Pendleton's administration of the jail's disciplinary process was unconstitutional; and 3) that the conditions of RHU violated the constitution, for which defendant O'Mara is responsible.

2. Plaintiff was successful only as to Count I, where the jury first declared that Rivas violated plaintiff's due process rights and then awarded $500 in damages.

3. The verdict form enabled the jury to make separate findings as to declaratory relief and damages.

1

4. Plaintiff now seeks an award of attorney's fees and costs as the prevailing party. See Poy v. Boutselis, 352 F.3d 479, 487-88 (1st Cir. 2003) (discussing the "law of prevailing parties"). This request is further refined by the PLRA as interpreted by Boivin v. Black, 225 F.3d 36 (1st Cir. 2000).

5. The basic formula for attorney's fees is well known, the number of hours reasonably spent on the successful claims (including time spent on unsuccessful claims to the extent they are interwoven with the successful counts) times an appropriate hourly rate.

6. Attached as Exhibit A to this motion is counsel's bill, itemizing and describing with sufficient detail the hours spent on this matter (156.3 hours). The bill itself demonstrates the number of hours spent and that the time spent was directly related to the successful outcome in this case. Exhibit B is counsel's affidavit attesting to the accuracy of the bill.

7. There are two limits on attorney's fees that may apply here. The first is to the hourly rate. The PLRA limits the hourly rate that may be claimed to 150% of the rate paid to court appointed lawyers in criminal cases. 42 U.S.C. 1997e(d)(3), Boivin, 225 F.3d at 40. The CJA rate has been $90 per hour from May 2002 (before counsel began work on this case) to the present. See attached chart of "Reimbursement Rates" prepared by the clerk's office for CJA counsel, Exhibit C. See Hernandez v. Kalinowski, 146 F.3d 196, 201 (3rd Cir. 1998) (court applies a

rate of 150% of the actual rate paid in the district). Therefore, the applicable rate here is $135 per hour.

8.  Applying this rate to the number of hours spent yields a claim for fees of $21,100.50.

9.  The second limit arguably applicable to this fee request is that part of the PLRA which limits fee to 150% of the amount of the "monetary award." 42 U.S.C. 1997e(d)(2); <u>Boivin</u> 225 F.3d at 40. If this limit applies to the instant request, the fee is limited to $750 ($500 x 150%).

10. As plaintiff's actual fee exceeds $750, the question is whether plaintiff can avoid the 150% limit. Under the express terms of the statute, and as recognized by <u>Boivin</u>, plaintiff can recover the entire fee amount.

11. The 150% limit of fees applies only when the sole relief obtained is a "monetary judgment." The court in <u>Boivin</u> ordered a fee award of $1.50 because the plaintiff only obtained a $1 nominal damage award.

12. The statue contemplates fee awards for plaintiffs who are successful in obtaining injunctive relief and/or declaratory relief. 42 U.S.C. §1997e(d)(1)(b)(i) states: "In any action brought by a prisoner who is confined to any jail ... in which attorney's fees are authorized ... such fees shall not be awarded, except to the extent that ... the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights ... and **the amount of the fee is proportionately**

**related to the court ordered relief** for the violation ..." (emphasis added).

13. The First Circuit acknowledged that this language allowed fees to be awarded without regard to the 150% cap when a plaintiff obtains relief in addition to a monetary judgment:

> We add a caveat. In this case, the plaintiff sought and received only monetary relief. Thus, the fee cap applies. In a case in which the court orders non-monetary redress (say, an injunction) along with a monetary judgment, the fee cap contained in section 1997e(d)(2) would not restrict the total amount of attorneys' fees that the court could award. In such a 'hybrid' case, the court would be free to take into account all the provisions of section 1997e(d).

Boivin 225 F.3d at 41 n. 4. The court repeated this sentiment later in the opinion: "Then, too, the PLRA contains other provisions that allow for differential compensation (including shifted fees not subject to the section 1997e(d)(1) cap, see *supra* note 4, where injunctive **or declaratory** relief is obtained." Id., at 43 (emphasis added).

14. Other courts have similarly held that the fee cap does not apply when a plaintiff obtains more than just monetary relief. See Dannenberg v. Valadez, 338 F.3d 1070, 1075 (9th Cir. 2003) ("Appellee in this case obtained injunctive relief in addition to money damages, and there has been no showing that any portion of the attorneys' fees was incurred for the sole purpose of obtaining monetary relief. Accordingly, we find no error in the district court's ruling that no portion of the fees was limited to 150 percent of money damages"); Foulk v. Charrier, 262 F.3d 687, 703 n. 17 (8th Cir. 2001) ("if non-monetary relief is ordered (whether with or

without a monetary award), the attorney's fees cap in 42 U.S.C. §1997e(d)(2) does not apply."); Walker v. Bain, 257 F.3d 660, 667 n. 2 (6th Cir. 2001) ("if non-monetary relief is obtained, either with or without money damages,§1997e(d)(2) would not apply").

15. Unlike the plaintiff in Boivin, plaintiff King obtained a special verdict form that specifically asked for the jury to declare Rivas's actions to be unconstitutional, and to which question plaintiff obtained an affirmative answer.

16. Plaintiff thus obtained substantial relief in addition to the modest monetary award.

17. The importance of this finding cannot be overstated. Plaintiff succeeded in proving that one of the most significant events in the jail's history, as Capt. Dionne and others testified, resulted from the lie of one of its own officers.  Such a finding *should* cause the jail to make changes to ensure such behavior does not continue.

18. Therefore, since plaintiff sought and obtained declaratory relief, the 150% cap does not apply here and the court may award fees using the more traditional standards of whether the time spent was reasonable and related to the successful verdicts.  Although counsel understands that the full fee may be reduces for the unsuccessful claims, given that the bulk of the trial focused on proving Rivas lied (that claim was the only reason to call witnesses Robertson, Correa, Perez and Grady, and a major reason to call witnesses Surprenant, Champagne, Coulombe, West, Paladin and plaintiff), counsel thus asks for an award close to the full $21,100.50.

19.     Plaintiff submits that the fee award should only modestly be discounted because plaintiff was not successful on all counts.

20.     Generally, if unsuccessful claims are unconnected to, and easily severable from, the successful claims, hours spent on them will not be compensable. If, however, they are substantially related to the successful claims, either because they share a common core of facts or are based upon related legal theories, hours spent on them will be recoverable. Hensley v. Eckerhart, 461 U.S. 424, 435-36 (1983); Lipsett v. Blanco, 975 934, 941 (1st Cir. 1992).

21.     All the inmate witnesses were called to establish Rivas's lie (i.e., that the 10-33 never happened, that plaintiff was in the weight area, that Champagne was on the phone, etc.). Although some of these witnesses testified to the disciplinary process and conditions on Unit 2B, they were all still necessary for the Rivas claim. And plaintiff did not engage in any pretrial discovery that was related solely to the excessive force claim other than the production of documents.

22.     Plaintiff's time should thus be compensated with only a modest discount for the unsuccessful claims.

23.     Plaintiff also seeks reimbursement for reasonable expenses incurred. Plaintiff incurred $1,479.93 in costs, which are specifically itemized. These costs are self explanatory, are directly related to the successful claim, and are not subject to the fee cap.

24.     Last, the PLRA says that the court "shall" order the inmate-plaintiff to pay a portion of an attorney's fee award from his judgment. The statutory language says

that the court "shall" order the inmate to pay part of his recovery toward the fee award, "not to exceed 25%." 42 U.S.C. §1997e(d)(2). Thus, the court must make Mr. King pay something toward the fee award, "not to exceed" 25%, or $125.

25. Plaintiff respectfully asks this court to exercise its discretion and require plaintiff to pay a token amount toward the fee award, complying with the mandate that he "shall" pay something toward the fees, but using discretion to require payment of less than the 25% limit, especially given the modest award.

26. No memorandum of law is necessary as the relevant authority is cited here.

27. Counsel for defendants, John Curran, Esq., objects to the award of the full fee.

WHEREFORE, plaintiff Antonio King respectfully asks this court to:

a. award counsel $21,100.50 in fees;

b. award counsel $1,479.93 in costs;

c. require plaintiff to pay only a token share of the attorney's fee award from his judgment;

d. grant any further relief deemed just and proper.

                                        Respectfully submitted,
                                        Antonio King,
                                        By his attorney,


                                         /s/ Michael J. Sheehan
                                        Michael J. Sheehan, Esq. #6590
                                        58 Pleasant Street

                                                                      Concord, NH 03301  
                                                                      (603) 225-5240  
                                                                      msheehan@usa.net

State of New Hampshire  
Merrimack, ss.

     I certify that today, February 8, 2006, I forwarded a copy of this motion to John Curran, Esq., via ECF.

                                                      /s/ Michael J. Sheehan  
                                                      Michael J. Sheehan