UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW HAMPSHIRE

Antonio King,
        Plaintiff,

v.                                                        Civil No. 04-CV-356-SM

Cesar Rivas et al.,
        Defendants.

### Plaintiff's Objection to Motion for Costs

Plaintiff Antonio King, through counsel, respectfully objects to defendants' *Motion for Costs* based on their Rule 68 *Offer of Judgment*.

In support of this objection, plaintiff represents as follows:

1.      Defendants filed a motion for costs based upon its Rule 68 Offer of Judgment of $10,000 and the jury's verdicts of less than that amount. A copy of defendant's *Offer of Judgment* is attached as Exhibit A.

2.      Plaintiff objects.

3.      Preliminarily, it is premature to rule on this motion for costs until the court decides plaintiff's post trial motions because they may affect the judgment ultimately obtained.

4.      On the merits, to the extent defendants are entitled to any costs (and plaintiff maintains they are not), it is only as to Count I. Defendants are not entitled to costs on Counts III (Pendleton) and IV (O'Mara) because the jury

1

returned a defense verdict on those counts.

5. The enforcement provisions of Rule 68 apply only when *plaintiff* obtains a judgment that is less than the Rule 68 offer – it simply does not apply when the jury returns a defense verdict. *Delta Air Lines v. August*, 450 U.S. 346, 352 (1981) ("In sum, if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment"). The holding of *Delta Air Lines* stems from the language of Rule 68: "If the judgment finally obtained *by the offeree* is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." (Emphasis added.)

6. Any award of costs under Rule 68 would thus apply only to the Rivas claim (Count I) because that is the only claim where "the judgment finally obtained by the offeree" is arguably less than the defendants' Rule 68 Offer.

7. The first reason to deny the motion is that it does not separate those costs applicable to the Rivas claim from the costs incurred to defend the Pendleton and O'Mara claims. This court simply does not have the information necessary to award the costs applicable only to the Rivas claim.

8. The second reason to deny the motion is that the underlying Offer of Judgment of $10,000 did not specify to which defendants and which claims it applied. The most logical interpretation is that the $10,000 offer applied equally to

each of the seven defendants then named in the complaint, for a total of about $1,400 per defendant. Plaintiff did not interpret the offer to be $10,000 per defendant or $10,000 per claim because such an interpretation was not reasonable under the circumstances. And if plaintiff obtained judgments against several defendants that exceeded $10,000 when combined (e.g., $5,000 each against Rivas, Pendleton and O'Mara), defendants would have no basis to seek costs. *See Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 868-69 (5th Cir. 1986) ("The question presented on appeal is whether Rule 68 Applies to an unapportioned joint offer of judgment made by two defendants when: (1) one of the defendants settles with the plaintiff individually after the joint offer is not accepted; and (2) the plaintiff recovers a judgment from the remaining defendant for less than the original joint offer. We hold that the rule does not apply in this circumstance; consequently, we vacate the district court's assessment of costs").

9. Since the only reasonable interpretation of the offer is $1,400 for the Rivas claim (or $,2000 considering the Rivas claim was one of five then pending), then the judgment plaintiff obtained against Rivas ($501), plus fees (even assuming the minim fee of $750), plus plaintiff's costs ($1,479) and plaintiff's pre-offer fees (13.2 hours x $135 = $1,782),[1] for a minimum total of $4,500 plainly exceeds the amount offered as to Rivas. *See O'Brien v. City of Greers Ferry*, 873 F.2d 1115,

---

[1] *See* Plaintiff's *Motion for Attorney's Fees*, with attachments, document No. 63.

1118 (8th Cir. 1989) ("We start with the figure of $6,000 stated in the offer of judgment. Because the offer of judgment in this case did not purport to include attorney's fees, the pre-offer attorney's fees must be added to the offer of judgment").

10. If defendants did not intend to make the $10,000 offer applicable to each of the seven then-named defendants, there is no other way to determine how the $10,000 was to be allocated.  The offer's language is vague: "the defendant offers judgment to be paid to the plaintiff, Antonio King, in the amount of ten thousand dollars ($10,000)." Exhibit A.  Certainly the offer does not mean plaintiff had to obtain a verdict of $10,000 against each defendant to exceed the offer or of $10,000 on each then pending claim, or plaintiff likely would have accepted the resulting $50,000 or $70,000 offer.

11. Since there was no specific offer of judgment for the claim against Rivas, this court cannot determine whether the judgment plaintiff obtained against Rivas (plus costs, allowable and pre-offer fees) exceeded the offer.

12. The last reason to deny the motion for costs is that defendants improperly conditioned their Rule 68 offer.  Rule 68 provides, "a party defending against a claim may serve upon the adverse party an offer *to allow judgment to be taken against the defending party* for the money or property or to the effect specified in the offer, with costs then accrued." (Emphasis added.)

The critical feature of this portion of the Rule is that the offer be one that

4

> *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants.

Marek v. Chesny, 473 U.S. 1, 105 S.Ct. 3012, 3015 (1985)

13. Defendants' offer was conditional:

> This Offer is made for the purposes specified in Rule 68 and is not to be construed as an admission that any defendant is liable in this action or that the plaintiff has suffered any damages or is a prevailing party. Indeed, the Defendant's dispute liability in the above-entitled case but are offering to resolve the matter in order to secure finality.

Offer at ¶3. Defendants did not offer, as Rule 68 requires, to "allow judgment to be taken against" them using the accepted definition of the term "judgment." Defendants limited the offer.

14. To the extent the language in ¶3 of defendants' offer quoted above was merely an invocation of their rights under Evidence Rule 408 to exclude evidence of this offer from trial, the next paragraph of the offer makes clear its conditional nature: "The Offer's amount is to be in total settlement of this action *with said judgment herein to have no effect whatsoever except in settlement of this case*." *Offer* at ¶4 (emphasis added).

15. Defendants' language, if plaintiff accepted, would have precluded another one of the related plaintiffs from using the resulting *King* judgment at trial in their cases. That is, this court ruled certain parts of the *Surprenant* case could be introduced as established fact in the *King* trial. The other plaintiffs (Baker, West,

5

Paladin, Champagne, and Coulombe) will try to make similar use of both the *Surprenant* and *King* judgments in their trial (e.g., an instruction to the jury that "it has already been determined that both Surprenant and King were not part of any group of inmates that may have charged Rivas on July 14"). Defendants' offer of settlement, if accepted, would have precluded such use of the *King* judgment.

16. Given the similar nature of these related cases and the importance that the fact Rivas lied about King would play in the other trials (and possibly the preclusive effect of other verdicts in *King* had plaintiff prevailed), the conditional nature of defendants' offer was an important factor in King deciding not to accept (and appears to have been an important factor in defendants making an offer in the first place).

17. More important, the conditional nature of defendants' offer takes that offer outside Rule 68 and thus outside the enforcement provisions of Rule 68 that defendants invoke for their motion for costs. Defendants simply did not really make a Rule 68 offer.

18. Rule 68 contemplates an offer of unqualified judgment. There is nothing in the language of Rule 68 that allows the offeror to condition the offer and still retain the rule's enforcement rights. Defendants' attempt to enforce an invalid Rule 68 offer must fail.

19. No memorandum of law is filed as the relevant authority is cited here.

WHEREFORE, plaintiff Antonio King respectfully asks this court to:

a. deny the motion for costs;

b. grant any further relief deemed just and proper.

                                        Respectfully submitted,
                                        Antonio King,
                                        By his attorney

                                        /s/ Michael J. Sheehan
                                        Michael J. Sheehan, #6590
                                        58 Pleasant Street
                                        Concord, NH 03301
                                        (603) 225-5240
                                        msheehan@usa.net

State of New Hampshire
Merrimack, ss.

    I certify that today, February 15, 2006, I forwarded a copy of this objection to Elizabeth Hurley, Esq, via the ECF system.

                                        /s/ Michael J. Sheehan
                                        Michael J. Sheehan