UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Antonio King,                                        *
              Plaintiff                              *
                                                     *
v.                                                   *       No. 04-CV-356- SM
                                                     *
Cesar Rivas,                                         *
              Defendant                              *
                                                     *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF THE FACTS AND CIRCUMSTANCES OF RIVAS'S FALSE ACCUSATION

NOW COMES the defendant, Cesar Rivas, by and through his counsel, Getman, Stacey, Schulthess & Steere, P.A., and submits the following motion *in limine* to preclude evidence relating to the facts and circumstances surrounding the July 14, 2002 accusation of inmate disciplinary misconduct made by Officer Cesar Rivas, stating as follows:

1.     This case proceeded to a jury trial on January 25, 2006 and Plaintiff subsequently received a verdict on Count One, the jury awarding him $501.00, $1 of which was for nominal damages and $500.00 of which was for punitive damages.  Defendants prevailed on the other two counts. The Court subsequently granted a new trial on the issue of compensatory damages.[1]

2.     The retrial is scheduled to commence on June 5, 2007.

3.     The Court intends to instruct the jury that liability has already been determined.[2] According to the instructions during the previous trial, the jury was required to find, and did find

---

[1] Counsel has been holding off filing motions in limine that deal with evidence of the facts of the July 14th incident / evidence that could relate to punitive damages while awaiting the Court's ruling on the issue of punitive damages.

[2] By submitting this motion, the defense in no way waives its ongoing objection to the Court's order granting a new trial on substantive grounds, as well as the plaintiff's waiver of this issue.

that:

    1.    Rivas falsely accused the plaintiff of being part of a group that attempted to surround him;

    2.    Rivas made the false accusations knowing and intending that the plaintiff would be subjected to punishment without a legitimate purpose; and

    3.    The punishment that Defendant Rivas intended did occur.

4.    The defense now seeks to exclude evidence about the details of the false accusation. Specifically, the defense requests that the jury be informed, through the evidence and by the Court's instruction, only that the defendant falsely accused the plaintiff of a disciplinary infraction and that as a result of that accusation, the plaintiff's housing assignment within the jail was altered.

5.    The current issue is the degree of compensable harm King suffered as a result of the change in conditions that arose as a result of Rivas's accusation.  What Rivas accused King of doing and the details of the accusation are wholly irrelevant and are inadmissible under Rules 403 and 404 of the Federal Rules of Evidence.

6.    Rule 404 provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b).

7.    When assessing "other act" evidence, courts first consider whether the proffered evidence has some special relevance which enables it to shed light **on a disputed issue** in the case. *Udema v. Nicoli*, 237 F.3d 8 (1st Cir. 2001).

8.      There is no dispute regarding liability and the facts and circumstances of Rivas's

accusation are relevant only to liability.

9.      Even if the proffered evidence passes the relevance prong, it then must still be assessed

pursuant to Rule 403, which states:

> Although relevant, evidence may be excluded if its probative value is substantially
> outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the
> jury, or by considerations of undue delay, waste of time, or needless presentation of
> cumulative evidence.

Fed.R.Evid. 403. Thus, the evidence, though relevant, may still be excluded if its probative value

is substantially overbalanced by other considerations. *Id., citing Veranda Beach Club*, 936 F.2d

at 1373; *Rodriguez-Estrada,* 877 F.2d at 155-56.

10.     The defense is inherently prejudiced by the very fact that the Court intends to instruct the

jury that liability has already been determined.  Admission of the details of Rivas's conduct

would be purely gratuitous.  The gravity of the conduct in which Rivas alleged the inmates

engaged and the number of inmates accused would simply inflame the jury with no valid

purpose.

11.     Furthermore, reference to the involvement of other inmates opens the door to the

previous jury findings that Rivas did **not** falsely accuse some of the inmates (Paladin and West).

12.     In light of innate prejudicial posture of this case, it is only fair that damaging, irrelevant

and inflammatory evidence be kept from further tainting the jury against the defendant.   As a

result, evidence and instruction should be limited to the fact that Rivas falsely accused King of a

disciplinary violation and that as a result he was moved from Unit 2D to Unit 2B on Awaiting

Hearing status and later reclassified to the Restricted Housing Unit.[3]

---

[3] The amount of time in each status that can be attributed to Rivas's accusation remains contested

19.     The assent of opposing counsel has been sought been sought and is not expected.

WHEREFORE the Defendant respectfully request that this Honorable Court:

A.      Grant this Motion *in Limine* by precluding evidence of the facts and circumstances of Rivas's accusation; and

B.      For all other relief as just and necessary.

Respectfully submitted,

CESAR RIVAS,

By his attorneys, GETMAN, STACEY, SCHULTHESS & STEERE, P.A.

Date:  May 21, 2007                    By:_____/s/ Elizabeth Hurley_____
                                       Elizabeth L. Hurley (Bar #16851)
                                       Three Executive Park Drive, Suite 9
                                       Bedford, NH   03110; (603) 634-4300

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically, this date, through ECF to Michael Sheehan, Esquire.

_____/s/ Elizabeth Hurley_____
Elizabeth L. Hurley

---

due to the fact that King was charged with possession of contraband on the same date and subsequently spent time in RHU for the underlying conduct.

F:\EHurley\1197\05375 - King\Motion to Exclude Reference to Facts of Incident.rtf