UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Antonio King,
    Plaintiff

v.                                  Civil No. 04-cv-356-SM

Cesar Rivas,
    Defendant

## JURY INSTRUCTIONS

I. GENERAL INSTRUCTIONS

                A. Introduction

You have now heard all of the evidence in this case, and argument by counsel. It is my duty at this point in the trial to instruct you on the law that you must apply in reaching your verdict. It is your duty to follow and apply the law as I give it to you. But, you alone are the judges of the facts. Please do not consider any statement that I have made in the course of trial, or make in these instructions, as any indication that I have any opinion about the facts of this case, or what the verdict should be. I do not. The verdict in this case is your responsibility, and yours alone.

                B. Duties of the Jury

1. Jury as Sole Judge of Fact

You are the exclusive judges of the facts. You must weigh the evidence that has been presented impartially, without bias, without prejudice, and without sympathy. You must make a determination as to what the facts are, what the truth is, based

upon the evidence presented in this case. You must then decide the case by applying the law, as it is given to you in these instructions, to the facts as you find them to be from the evidence.

2. Applying the Law

You are not to be concerned with the wisdom of any rule of law stated by the court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty if you were to base your verdict upon any view of the law other than that given in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence presented in this case.

II. EVIDENCE

                  A. Definition of Evidence

1. What is Evidence

Your findings of fact must be based exclusively on the evidence. There are two types of evidence that you may properly consider in deciding this case: direct and circumstantial.

Direct evidence is the testimony given by a witness about what that witness has seen, heard, or observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked or facts to which the lawyers have agreed or "stipulated."

Evidence may also be used to prove a fact by implication, and such evidence is often called circumstantial evidence. In other words, by examining direct evidence you may be able to draw certain inferences that are reasonable and justified in light of your daily experience. Such inferences constitute circumstantial evidence. You may give circumstantial evidence the same weight as direct evidence.

So, the evidence in this case consists of: (1) the sworn testimony of the witnesses, both on direct and cross-examination, regardless of who may have called those witnesses; (2) the exhibits received in evidence, regardless of who may have produced them; (3) any facts to which the lawyers have agreed or stipulated; and (4) observations you made during the view.

2. What is Not Evidence

Certain things are not evidence and you cannot consider them as evidence:

a. Arguments, statements, and questions by the lawyers are not evidence. What they have said in their opening statements, closing arguments, questions to the witnesses, and at other times during the trial is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls.

b. Objections raised by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper under the rules of evidence. I must rule on objections

and I have not intended to indicate in any way by my rulings what the verdict should be in this case. You should not be influenced by the lawyers' objections or by my rulings on those objections.

c. Testimony that has been excluded or stricken, or that I have instructed you to disregard, is not evidence and must not be considered in any way in your deliberations.

d. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## B. Credibility of Witnesses

In determining what the facts are, what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility we mean the believability or the truthfulness of a witness.

1. Factors to Consider

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief. You should also consider the extent, if any, to which the testimony of each witness is either supported or contradicted by other evidence in the case.

The testimony of a witness may be discredited or, as we sometimes say, impeached, by showing that the witness previously made statements that are different than, or inconsistent with, his or her testimony here in court. You must decide what weight, if any, should be given to the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with only a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

2. Credibility of Correctional Officers

During the course of the trial you have heard several correctional officers testify. You should consider the testimony of a correctional officer in the same manner as the testimony of any other witness in the case. In evaluating their credibility, you should use the same tests which you applied to the testimony of any other witness. In no event should you give the testimony of a correctional officer any more credibility or any less credibility simply because of that witness's position.

3. Weight to be Given Testimony

After assessing the credibility of each witness you will assign to the testimony of each witness, both under direct and

cross-examination, such weight as you deem proper. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

### III. APPLICABLE STANDARDS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

Antonio King brought this suit alleging that Cesar Rivas violated his Fourteenth Amendment rights while he was detained in the jail operated by the Hillsborough County Department of Corrections in Manchester, New Hampshire. Because Mr. King was being held at the jail before trial or other disposition of his case, he was a pretrial detainee, rather than a convicted prisoner, at the time of the events that have been the subject of this trial.

When a person is convicted of a crime, he loses his Fourteenth Amendment right to liberty during the time he serves his sentence in prison for that conviction.

In contrast, however, a pretrial detainee - that is, a person who has been arrested and charged with a crime, but who

has not yet been convicted of a crime - retains certain liberty interests under the Fourteenth Amendment, even while he is being held in jail, awaiting trial or other disposition of his case. A pretrial detainee cannot be punished for the crimes with which he is charged. Instead, under the Fourteenth Amendment, the jail may only impose restrictions on a pretrial detainee that are reasonably related to legitimate government purposes, such as making the pretrial detainee available for trial and maintaining and preserving security in the jail.

Unless they are found guilty of a violation of jail rules or regulations, pretrial detainees have a right not to be punished or subjected to conditions that are not reasonably related to a legitimate purpose of the jail.

IV. FACTS ALREADY ESTABLISHED

Under the law, it sometimes happens that a fact or facts relevant to pending litigation have already been established. In this case, the following facts have already been established and you must accept them as true:

1. Mr. Rivas falsely accused Mr. King of violating jail rules and he did so for the purpose of subjecting Mr. King to punishment without a legitimate purpose;

2. Mr. King was, in fact, subjected to that punishment; and

3. Mr. Rivas violated Mr. King's constitutionally protected right, as a pretrial detainee, not to be subjected to punishment or restrictions that are not

>     reasonably related to legitimate government
>     purposes.

As I said, those facts have already been established and, under the law, Mr. Rivas is liable to Mr. King for damages. Mr. King is entitled to compensation for the harm that was inflicted upon him as a result of Mr. Rivas's wrongful conduct. Your task is to determine a fair, just, and proper sum to award Mr. King to compensate him for those injuries.

## V.  DAMAGES

Because Mr. Rivas violated Mr. King's constitutional rights, Mr. King is entitled to compensation for any harm or injury caused by that violation. It is you, the jury, who must decide the amount of money that Mr. King is entitled to recover.

The general purpose of awarding compensation or, as we sometimes say, "compensatory damages" is to give that sum of money which, as nearly as possible, will restore the plaintiff to the position he would be in if the wrong had not been committed. The law cannot do the impossible by turning back the clock and eliminating Mr. Rivas's false accusation and any resulting harm that occurred. But the law does provide a means by which Mr. King can be made whole to an extent, by awarding him full, fair, and adequate compensation in the form of a monetary award.

The purpose of awarding compensation, therefore, is to make the plaintiff whole, to the extent possible. It is not to punish the defendant; the question of whether or not Mr. Rivas should be

punished for his conduct, or whether others should be deterred from similar conduct, is not before you. In addition, compensatory damages should not be awarded out of sympathy, passion, or prejudice, nor should they be based on guess or speculation. Compensatory damages should be based on the law and the evidence and your sound judgment.

You must award Mr. King that amount of money which you believe will fairly and justly compensate him for any injuries he suffered because of Mr. Rivas's wrongful conduct. You shall award damages only for those injuries that Mr. King has proven, by a preponderance of the evidence, were caused or substantially caused by Mr. Rivas's conduct in violation of the Fourteenth Amendment. You must not award compensatory damages for any other injuries that Mr. King may have sustained - that is, harm that was not caused or substantially caused by Rivas's false accusation.

In determining the amount of damages to award, you should consider the following items of loss. First, you should consider the difference in the degree of liberty experienced by Mr. King in Unit 2D as compared to his experience in Unit 2B — that is, the difference in conditions of confinement Mr. King was subjected to in Unit 2B as compared to those he would have been subjected to in Unit 2D, had Rivas not falsely accused him of violating jail rules. In other words, you should consider the injury Mr. King suffered as a consequence of having been required to serve time in Unit 2B, a more restrictive setting than Unit

2D, due to Mr. Rivas's action, including the time he served in Unit 2B due to reclassification of his status based upon Mr. Rivas's false accusation. Any time Mr. King was required to spend in Unit 2B that was due to reclassification of his status which was caused or substantially caused by the false accusation made by Mr. Rivas, would constitute an actual loss of liberty and is, therefore, compensable.

You should also consider any physical or mental pain, discomfort, fears, anxiety, and other mental and emotional distress Mr. King suffered that would not have occurred absent Mr. Rivas's wrongful conduct and his confinement in Unit 2B.

If you find that Mr. King has proven injuries caused by Rivas's false accusation by a preponderance of the evidence, then he is entitled to full, fair, and adequate compensation for those injuries. No definite standard (or method of mathematical calculation) is prescribed by law by which to fix reasonable compensation for pain and suffering. Nor is the opinion of any witness required as to the amount of such reasonable compensation. In making an award for the violation of Mr. King's constitutional rights and for his related pain and suffering, you should exercise your reasonable judgment. The damages you award have to be fair and reasonable in light of the evidence.

You are not to be concerned with how your award of monetary damages will be paid. That is not a matter which may properly be considered by a jury in any civil case and is irrelevant to the decisions that you must make in this case.

VI. CONCLUSION

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the court has admitted into evidence. The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to all the parties. You are to exercise your judgment and common sense without prejudice and without sympathy, but with honesty and understanding. You should be conscientious in your deliberations and seek to reach a just result in this case because that is your highest duty as judges of the facts and as officers of this court.

A. Selection of a Foreperson

When you retire, you should elect one member of the jury as your foreperson. That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions, and arguments on the evidence and on the law.

B. Unanimous Verdict

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to it. That is to say, your award of damages to Mr. King must be unanimous.

### C. Deliberations

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. But, do not surrender your honest conviction as to the weight or effect of the evidence solely based on the opinion of the other jurors or merely for the purpose of returning a verdict. Remember at all times that you are not partisans, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If during your deliberations it becomes necessary to communicate with me, please give a <u>written</u> message to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible, either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

Now, this is very important, you must never disclose to anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged. In other words, if the jury is split, say 5 to 3, on some issue, the

existence of that split or the number on one side or the other must not be disclosed to anyone, including me.

If we recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. In particular, do not discuss the case with anyone other than your fellow jurors in the jury room, when everyone is present.

After you have reached your unanimous verdict, your foreperson must complete, sign, and date the verdict form you will be given. Return this charge together with any written answers to your questions. After you have reached a verdict, you are not required to talk to anyone about the case unless I direct you to do so.

At the risk of being repetitive, let me once again tell you that nothing said in these instructions is intended to suggest in any way what your verdict should be. The verdict is the exclusive responsibility of the jury, not the judge.

When you have arrived at a verdict, notify the Court Security Officer and you will be returned to the courtroom.