UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Antonio King,
        Plaintiff

        v.                              Civil No. 04-cv-356-SM
                                        Opinion No. 2008 DNH 057
Cesar Rivas; Theresa Pendleton;
and James O'Mara, Jr.,
Superintendent of the
Hillsborough County
Department of Corrections,
        Defendants

**O R D E R**

        Antonio King, a former pretrial detainee in the Hillsborough
County House of Corrections (the "HOC" or "jail"), brought this
civil rights action against seven defendants, all associated with
the jail, for violating his constitutional rights.  See 42 U.S.C.
§ 1983.  Essentially, King claimed that Corrections Officer Cesar
Rivas falsely accused him of being part of a group of inmates
that rushed Rivas, apparently intent on taking him hostage, while
Rivas was making rounds on a cell block.  According to King, as a
result of Rivas's false accusation, the other defendants
physically assaulted him, subjected him to unfair prejudgment in
a disciplinary hearing, improperly and punitively reclassified
him to a more restricted status within the jail, and subjected

him to abusive and unconstitutional conditions of confinement as punishment for institutional rules violations he did not commit.

Prior to trial, King voluntarily dismissed his claims against four of the seven named defendants.  The case went to trial against defendants Rivas, Pendleton, and O'Mara (in his official capacity as superintendent of the jail).  The jury returned a verdict in King's favor against Rivas, and awarded King $1 in nominal damages and $500 in punitive damages. Verdicts were returned in favor of the two other defendants, Pendleton and O'Mara.

The court granted plaintiff's post-trial motion to set aside the nominal damages award against Rivas, and ordered a new trial on damages.  Specifically, the court concluded that the verdict was decidedly against the weight of the evidence and, based upon the jury's findings on liability, King was entitled to recover compensatory damages for his established injuries (unwarranted punishment).  The parties stipulated to the $500 punitive award, so the retrial was limited to compensatory damages.  On retrial the jury awarded King $5,000 in compensatory damages, making his total recovery, exclusive of costs and attorney's fees, $5,500.

2

King now seeks to recover his costs and attorney's fees, as a prevailing party in a civil rights action brought pursuant to § 1983. See 42 U.S.C. § 1988. Rivas and those defendants who were either dropped from the suit or obtained favorable verdicts at trial object, and themselves move for an award of costs and attorney's fees.

## Background

This is one of several suits, arising out of the same incident, brought by pretrial detainees at the Hillsborough County House of Corrections against Corrections Officer Rivas, Disciplinary Officer Theresa Pendleton, Jail Superintendent James O'Mara, Jr., and others. In some cases verdicts were returned in favor of the inmate(s) against just Rivas (this one); against just Pendleton and O'Mara (Paladin and West v. Rivas, et al., Civil No. 05-cv-079-SM); and against all three (Surprenant v. Rivas, 424 F.3d 5 (1st Cir. 2005)). In other cases, the parties reached settlement agreements before trial.

This case was filed on September 22, 2004. Shortly thereafter, on January 24, 2005, the defendants, in accordance with the provisions of Fed. R. Civ. P. 68, extended a joint offer of judgment, which provided:

The defendant[s] offer[] judgment to be paid to the plaintiff, Antonio King, in the amount of ten thousand dollars ($10,000), exclusive of any attorneys fees and costs accrued prior to this offer, the reasonable and necessary character of which is to be determined by the Court.

* * *

The Offer's amount is to be in total settlement of this action with said judgment herein to have no effect whatsoever except in settlement of this case.

* * *

In the event of either the expiration or rejection of this Offer, and should any amount ultimately recovered by final judgment be less than ten thousand dollars ($10,000), exclusive of costs, the provisions of Rule 68 shall govern the allocation of costs and fees.[1]

Arguing that King recovered less than the amount offered, defendants say he cannot recover either taxable costs or attorney's fees incurred after the date of the offer and, indeed, under the cost-shifting provisions of Rule 68, he must pay defendants' taxable costs after that date.  Defendants also seek an award of attorney's fees related to the retrial on damages, apparently on grounds that plaintiff could have avoided the

---

[1]  The parties do not dispute the fact or terms of the Rule 68 offer, but only plaintiff provided a copy of the offer, and that was an unexecuted draft version.  The parties were directed to file a copy of the original which has now been done.  But, the parties note that the original offer was intentionally "unsigned."  Since plaintiff's counsel and defendants' counsel agree that the unsigned offer, as filed, is "to be recognized by the Court as the actual Offer of Judgment," it will be so taken.

4

inadequate damages award and the necessity of a retrial on damages, had he objected to the jury instructions at the first trial.

**Discussion**

I.   <u>Rule 68 Offer of Judgment and Defendants' Costs and Fees</u>.

When defendants extended their offer of judgment, Rule 68, entitled "Offer of Judgment," provided in pertinent part:

> At any time more than 10 days before trial begins, a party defending a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in the offer, with costs then accrued . . . . If the judgment finally obtained by the offeree is not more favorable than the offer, <u>the offeree must pay the costs incurred after the making of the offer</u>.

Fed. R. Civ. P. 68 (emphasis supplied).[2]

It is settled law in this circuit that "a plaintiff who refuses an offer of judgment, and later fails to obtain a more favorable judgment, must pay the defendants' post-offer costs." <u>Crossman v. Marcoccio</u>, 806 F.2d 329, 333 (1st Cir. 1986).  The obvious point of Rule 68 is to promote settlement of federal civil litigation by encouraging parties to soberly consider the

---

[2]   Stylistic changes to Rule 68 have since been made, effective December 1, 2007.

risks and costs of litigation and to exercise reasoned judgment in weighing the likelihood of obtaining a greater recovery at trial than the sum offered in settlement.  Id. at 332 (citing Marek v. Chesny, 473 U.S. 1, 5 (1985) ("The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits.")).

It is equally well-settled that "costs," for purposes of Rule 68, include attorney's fees properly awarded to prevailing parties in civil rights cases under 42 U.S.C. § 1988, as are sought here.  Marek, 473 U.S. at 5.  And, "it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all.  As long as the offer does not implicitly or explicitly provide that the judgment not include costs, a timely offer will be valid."  Id. at 6.

Here, defendants made a timely offer of judgment that, at least on one level, was fairly clear.  King was offered judgment in the amount of $10,000, plus taxable costs and reasonable attorney's fees he had incurred to date (as determined by the

court) in exchange for dropping all claims against all
defendants.[3]

The $5,500 judgment later obtained by King is plainly less
favorable than the $10,000 defendants jointly offered in
settlement under Rule 68.  Accordingly, it would seem that Rule
68 operates to preclude King from recovering costs and attorney's
fees incurred by him after the offer was extended, and imposes on
him the affirmative obligation to pay defendants' costs incurred
after the offer was made.  See Crossman, supra.

King seeks to avoid that result, however, on two grounds.
First, he says the unapportioned joint offer under Rule 68 was
invalid, because it was imprecise, ambiguous, and not comparable
to the verdict he actually obtained against Rivas at trial.
Second, he argues that the verdict he obtained is more favorable
than the joint offer because, although less in amount, the
verdict carries a valuable attribute — precedential value — which

---

[3] Plaintiff does not challenge the language used in the
offer and seemingly accepts that the words "exclusive of any
attorneys fees and costs accrued prior to this offer, the
reasonable and necessary character of which is to be determined
by the Court" are properly understood to mean that defendants
offered costs and fees accrued to date in an amount to be
determined by the Court, in addition to a $10,000 payment to
plaintiff.

might prove useful in related plaintiffs' cases, whereas the settlement offer explicitly disclaimed liability.

Plaintiff's latter argument lacks merit. Under Rule 68, an offer of judgment is properly compared only to the judgment finally obtained. Spencer v. General Elec. Co., 894 F.2d 651, 664 (4th Cir. 1990) ("a trial court should consider only the terms of the 'judgment finally obtained' by the offeree, and nothing more."), overruled on other grounds by Farrar v. Hobby, 506 U.S. 103 (1992). To be sure, judgments that include declarative or injunctive relief, in addition to damages, may prove more favorable than a monetary offer, even though the monetary recovery is less than was offered. See generally Garrity v. Sununu, 752 F.2d 727, 731-32 (1st Cir. 1984). But here, no injunctive or other equitable relief was obtained at trial, and whatever preclusive effect King's judgment might have in other cases would not seem to add any measurable value to his recovery. Neither the determination of liability on Rivas's part, nor plaintiff's concomitant sense of vindication, is a proper basis upon which to compare defendants' Rule 68 offer and the judgment obtained at trial. See, e.g., Jolly v. Coughlin, 1999 WL 20895 *8 (S.D.N.Y. January 19, 1999).

Plaintiff's first challenge, however, does have merit.  King says the unapportioned joint offer, made by all seven defendants, is imprecise and cannot rationally be compared to the single judgment obtained against Rivas alone.  Because there is no way to determine how the offer should be apportioned, either among the seven defendants, or the various claims, he says it is necessarily invalid:

> The question is not whether King's $5,500 verdict is greater than the $10,000 offer – it clearly is not. Rather, the question is whether King's $5,500 verdict against Rivas on Count 1 is greater than the part of the $10,000 offer on behalf of all defendants for all claims which was intended to settle the Count I claim against Rivas.  We do not know the answer to that question and we cannot decipher the answer from defendants' unapportioned offer.

Plaintiff's memorandum (document no. 123) at 8 (emphasis in original).

Defendants' offer of judgment was clear on one level: all defendants sued by plaintiff offered, jointly, to settle all claims, in toto, for $10,000 plus costs and attorney's fees accrued as of the date of the offer.  The entire amount offered was to be paid to King (not split between or among two or more plaintiffs), and the offered amount was in settlement of all claims brought against all defendants.  But King is right to

point out that the <u>in</u> <u>toto</u> offer cannot be apportioned among the offerees on any basis other than speculation.

King points to precedent in which courts have, under discrete circumstances, found unapportioned joint offers made under Rule 68 to be invalid, because they were ambiguous and not amenable to easy comparison to the plaintiff's recovery at trial. Those cases vary in their approach, and some are easily distinguishable. For example, in <u>Gavoni, et al. v. Dobbs House, Inc.</u>, 164 F.3d 1071 (7th Cir. 1999), a single defendant's unapportioned offer of $10,000 to three plaintiffs was held invalid because the individual plaintiffs, who recovered a total of $6,500 at trial (two plaintiffs recovered $2,000 each and the third recovered $2,500), could not have assessed the individualized values of the offer; they simply had no way of knowing how much of the offered $10,000 each would receive, so each plaintiff could not weigh the amount offered to her against her own assessment of a likely recovery at trial. In this case, however, King was the sole plaintiff. The entire amount offered was to be paid to him in settlement of all of his claims.

In <u>Johnston v. Penrod Drilling Co.</u>, 803 F.2d 867 (5th Cir. 1986), two defendants made a joint Rule 68 offer, which the

plaintiff rejected.  Plaintiff later settled with one defendant
and proceeded to trial against the second, obtaining judgment for
an amount less than the joint offer.  The Fifth Circuit declined
to shift costs under Rule 68, primarily on equitable grounds.
While, strictly speaking, under Rule 68, a partial settlement
amount should not be added to the judgment amount, and then that
total compared to the offer, still, given that the amount
recovered by plaintiff, when added to the settlement amount,
exceeded the Rule 68 offer, the Fifth Circuit was not inclined to
shift costs.  After all, the plaintiff's overall recovery was
more than the amount jointly offered in settlement.  The court
also noted that the pre-trial settlement with one defendant
likely affected the trial dynamics in a substantial way — the
jury might have altered its assessment of plaintiff's
contributory negligence had both defendants been found at fault.
So, the court found, at least implicitly, that the later verdict
against one defendant could not be reliably compared to the joint
offer.  Here, King faced no assertion of contributory negligence
and did not settle any claims with any of the named defendants
prior to trial.

     The Seventh Circuit's decision in Harbor Motor Co. v. Arnell
Chevrolet-Geo, Inc., 265 F.3d 638 (7th Cir. 2001), however,

provides solid support for plaintiff's position.  In that case,
the court pointed out that because plaintiffs generally face
serious consequences if they reject an offer extended under Rule
68 (cost-shifting and possible loss of attorney's fees), there
must be "a clear baseline from which plaintiffs may evaluate the
merits of their case relative to the value of the offer."  Id. at
647 (quoting Gavoni, 164 F.3d at 1076).  In Harbor Motor Co., two
separate defendants, Arnell and the Post-Tribune, initially made
individual offers to settle a copyright infringement case — the
Post-Tribune offered $7,500 and Arnell $2,500 – which offers were
rejected.  Subsequently, however, the two defendants made an
unapportioned joint Rule 68 offer to settle all claims in the
case for $20,100.  That joint offer was rejected as well, and the
case went to trial.

At trial the Post-Tribune was granted judgment as a matter
of law before the case went to the jury, and a verdict was
returned against Arnell alone, in the amount of $12,500.  In
declining to shift costs in favor of Arnell under Rule 68, the
Seventh Circuit concluded that there was:

> no way to compare the $20,100 offer of judgment made
> jointly by the Post-Tribune and Arnell with the $12,500
> judgment that Harbor obtained against Arnell alone.
> For example, did the parties intend to apportion the
> offer equally?  Or did they envision another division,

one more commensurate with their varying degrees of
responsibility?

<u>Id</u>. at 648.

The opinion in <u>Harbor Motor Co.</u> addresses the very problem
presented here.  The joint unapportioned Rule 68 offer made by
the defendants to King is very difficult to compare to the
judgment King obtained against Rivas alone.  The Seventh Circuit
noted that there may be circumstances in which a joint offer can
be reliably apportioned and then compared to a judgment against
one or more of the offerees.  But, more often than not,
unapportioned joint offers, even those made to a single
plaintiff, will not effectively trigger cost-shifting under Rule
68 should the plaintiff prevail against only some of the offerees
at trial.[4]  The court concluded that:

> We need not go as far as to conclude, however, that
> Rule 68 always requires an exact delineation of the
> manner in which damages are to be apportioned among
> multiple parties.  There might be circumstances where
> it would be clear to the district court how a
> settlement is to be shared among offerors and/or
> offerees.  This, however, is not such a case.

<u>Id</u>. at 649.

---

[4]  Even if a plaintiff prevailed against all offerees at
trial, it might still be necessary to apportion the offer to
determine which costs (possibly including fees) should be
shifted.

Nor is this such a case.  A critical problem here is that the defendants were sued on different legal theories, based upon discrete factual circumstances, and they were not jointly liable to the plaintiff.  As the jury's verdict established, Rivas was individually liable for making a false accusation designed to effect the imposition of unwarranted punishment on plaintiff, a pretrial detainee.  But Disciplinary Officer Pendleton was found not liable on an entirely different claim involving different facts — that she deprived plaintiff of his right to due process during the disciplinary proceedings that followed the false accusation.  And, Superintendent O'Mara was found not liable, also under different factual circumstances, on yet another different claim — that the jail imposed unconstitutional conditions of confinement upon plaintiff.

Defendants Pendleton and O'Mara are entitled to recover their costs not because plaintiff failed to obtain a judgment against one or more of the seven offerees in an amount more favorable than the joint amount offered, but because Rule 68 does not apply to them.  They prevailed on the merits and are entitled to claim costs for that reason under Fed. R. Civ. P. 54.  For example, had plaintiff's judgment against Rivas been $10,500 (i.e., more than the joint, unapportioned Rule 68 offer),

Pendleton and O'Mara would hardly be called upon to pay part of
plaintiff's attorney's fees or costs related to his case against
Rivas under Rule 68, given their prevailing party status.  Each
would justifiably point out that, under any conceivable
apportionment of the joint offer, plaintiff failed to obtain
judgment against either of them more favorable than the offer,
since he recovered nothing against them, and at least something —
some apportioned amount — was offered by each.  And, as
prevailing parties, they would not be subject to the fee shifting
provisions of 42 U.S.C. § 1988.

    Just as plaintiff is not entitled to recover attorney's fees
under § 1988 incurred in bringing his claims against Pendleton
and O'Mara, he is entitled to recover attorney's fees under §
1988 with respect to his claims against Rivas, because he
definitely is a prevailing party with respect to that case.
Unless, that is, Rule 68 operates to shift the cost burden from
the date of Rivas's offer through judgment.  We know what the
judgment was — $5,500.  But, we do not know what Rivas offered.
Plainly, the joint offer of $10,000 was for all claims against
all defendants.  And, just as plainly, under any conceivable
apportionment plaintiff did not obtain a more favorable judgment
against the other six defendants, since each was either dismissed

15

or obtained a defendant's verdict at trial.  But some unknown part of the joint offer is properly attributable to those claims, and the remainder to the case against Rivas.

Put another way, suppose the offer is properly apportioned as follows (and, of course, this is mere speculation): nothing for the claims against the four dismissed defendants, and one-third of the $10,000 total ($3,333.33) for each of the three defendants who went to trial (Rivas, Pendleton, and O'Mara). Under that circumstance, plaintiff's judgment in the amount of $5,500 was more favorable than the offer by Rivas, and he would be entitled to recover his costs (including attorney's fees) from Rivas.  As noted, Rule 68 does not apply to a defendant who prevails, and § 1988 does not shift a plaintiff's attorney's fees to a prevailing defendant.  A prevailing party-defendant recovers costs (and not just those incurred after the Rule 68 offer) by operation of Rule 54.

To be sure, some courts have indicated a willingness to be flexible in enforcing joint unapportioned offers made by multiple defendants under Rule 68, at least where the defendants share an identity of interests, and the sum offered is from a single payor.  For example, the Third Circuit, in <u>Le v. University of</u>

16

Pennsylvania, 321 F.3d 403 (3d Cir. 2003), affirmed a district court's enforcement of an unapportioned joint Rule 68 offer made to a single plaintiff.  Le involved claims of discrimination and retaliation by a professor against his employer, a University, and his immediate faculty supervisor.  The court thought it important that the two defendants in that case "did not make an offer to multiple plaintiffs, nor were there other amounts [i.e., settlements] besides the jury verdict to compare."  Id. at 408. Consequently, the court reasoned that "[plaintiff] knew from the outset what amount would be compared with his future judgment." Id.  The Third Circuit also recognized that the two defendants (plaintiff's employer and his direct supervisor) shared a unique relationship — the University's and supervisor's pocketbooks, relative to that case, were one and the same:

> The District Court found that dismissing [plaintiff's] claims against [the supervisor] was not fatal to the offer of judgment because [plaintiff] could expect that all costs would be borne by the University.
>
> Given the single identity of the defendants, failure to apportion between the University and [the supervisor] was not fatal to the offer.  A decision to the contrary could promote the addition of improper defendants so that their eventual dismissal would negate any legitimate Rule 68 offer made by the proper defendants. Likewise, the need to apportion between the retaliation and discrimination claims is unnecessary where, as here, only one plaintiff receives an offer pertaining to both claims.  The jury returned a verdict for [plaintiff] on the retaliation claim, but not on the discrimination claim.  The offer applied to both claims

<u>in</u> <u>toto</u> and the total judgment of $35,000 awarded can easily be compared to the Rule 68 Offer of $50,000 plus costs.

<u>Id</u>. at 408-09 (citation and footnote omitted).

<u>Le</u> is perhaps distinguishable on practical grounds.  The Third Circuit saw the discrimination and retaliation claims as essentially brought against one defendant — the plaintiff's employer (the University) — who bore complete financial responsibility for any judgment entered against either named defendant.

A similar approach was taken by the district court in <u>Jolly v. Coughlin</u>, 1999 WL 20895 (S.D.N.Y. 1999), under factual circumstances similar to those found in this case.  As here, the plaintiff in <u>Jolly</u>, an inmate, named seven individuals associated with the jail as defendants in a civil rights suit, brought pursuant to 42 U.S.C. § 1983.  Jolly sought damages and injunctive relief for alleged violations of his constitutional rights, related to the conditions of his confinement.  Before trial began, Jolly voluntarily dismissed claims against four defendants, and proceeded to trial against the remaining three.  The jury returned verdicts against two defendants (in amounts of $5,000 and $25,000, respectively), and in favor of the third.

18

Prior to trial the defendants made an unapportioned joint offer under Rule 68 to settle the entire case for $30,360. Because the recovery at trial ($30,000) was $360 less than had been offered, defendants invoked the cost-shifting provisions of Rule 68.  Jolly objected, arguing that the unapportioned offer was ineffective because, among other things, it was ambiguous. The district court enforced Rule 68's cost-shifting provisions, reasoning that the offer was in settlement of all claims of injury and the jury's verdict awarded damages for all of plaintiff's injuries.  There was no issue of contributory negligence, and plaintiff's voluntary dismissal of some named defendants did not affect either the scope of his injuries or the jury's award for those injuries.  The court compared the combined individual judgments obtained against two defendants to the unapportioned offer made jointly by all seven originally named defendants.

The <u>Jolly</u> court concluded that whether an offer of judgment under Rule 68 can properly be compared to the judgment finally obtained is a question that must be decided on the individual facts of each case, and determined that:

> On the facts of this case, the otherwise valid offer
> should not be disregarded because the plaintiff
> dismissed four defendants immediately prior to trial

19

and did not prove his case with respect to a fifth
defendant.  Both the offer of judgment and the verdict
present easily comparable sums and the comparison is
not confused by the fact that the verdict was
ultimately obtained against only two of the defendants
and several defendants were dropped from the case.  To
find otherwise would greatly limit the effectiveness of
Rule 68 offers as a settlement tool because it would
give plaintiffs an incentive to join numerous
defendants only to drop one or two prior to trial to
avoid the effect of a Rule 68 offer.

Jolly, 1999 WL 20895 at *7 (citing Stewart v. County of Sonoma,

634 F. Supp. 773, 776 (N.D. Cal. 1986)).


     As the uneven precedent suggests, Rule 68 is not always easy

to apply.  As circumstances vary, its application can become

unsure, or even impossible, or its application may be routine.

The approach to Rule 68 enforcement taken in Jolly and Le is not

binding on this court, and I decline to follow it under the

circumstances of this case.


     Requiring multiple defendants, who are not jointly liable,

to identify what portion of a joint offer applies to the case

against each of them, is not overly burdensome.  If such

defendants expect to later invoke the cost-shifting provisions of

Rule 68, they each ought to make the anticipated future

comparison between judgment and offer as clear as possible.

Obviously, having multiple parties on multiple sides of

20

litigation is commonplace in federal courts, and unapportioned global settlement offers are commonplace as well.  Indeed, that is the norm, and such offers undeniably play an effective role in settling cases.  But when such unapportioned joint offers are rejected, defendants, particularly defendants who are sued under independent legal and factual theories and who are not jointly liable — and especially in civil rights or other cases where fees are included as part of shifted costs under Rule 68 — should apportion those joint offers, thereby permitting an accurate comparison between any future judgment and the individual defendant's offer.  I disagree with the Jolly court's assessment that "[t]o find otherwise would greatly limit the effectiveness of Rule 68 offers as a settlement tool because it would give plaintiffs an incentive to join numerous defendants only to drop one or two prior to trial to avoid the effect of a Rule 68 offer."  Jolly, supra, at *7.  Indeed, dropping named defendants before trial would have no effect upon an apportioned joint Rule 68 offer because any later judgment(s) could be easily and accurately compared to that portion of the joint offer attributable to the defendant(s) against whom the plaintiff prevails.

21

The Seventh Circuit's approach in <u>Harbor Motor Co.</u>, is the better one in my view.  Rule 68 requires a discrete comparison — the judgment ultimately obtained to the Rule 68 offer made.  The judgment against Rivas ($5,500) is not properly compared against the aggregate offer made by seven defendants.  Instead, it is proper to compare that judgment against the amount offered by Rivas alone under Rule 68.  Rivas did make an offer of some amount.  But, was it more or less than $5,500?  The circumstances presented are not such that "it [is] clear to the district court how [the] settlement [was] to be shared among [the] offerors," and, therefore Rule 68's cost shifting provisions cannot by applied with respect to the plaintiff's judgment against Rivas. <u>Harbor Motor Co.</u>, 265 F.3d, at 649.

## II.  <u>Defendants' Fees and Costs as Prevailing Parties</u>.

Defendants also seek their own costs for both the first and second trials, as well as their attorney's fees for the second trial.  A prevailing party is entitled to recover attorney's fees as part of costs in an action brought under § 1983.  <u>See</u> 42 U.S.C. § 1988; <u>Marek</u>, 473 U.S. at 9.  But civil rights defendants, even though they might prevail at trial, are not entitled to an award of attorney's fees under § 1988 unless the trial court determines that the plaintiff's suit was frivolous,

unreasonable, or without foundation.  <u>Crossman</u>, 806 F.2d at 334.

Plaintiff's case was hardly frivolous, unreasonable, or without

foundation.  Indeed, he prevailed at trial against Rivas and

presented substantial evidence in support of his claims against

Pendleton and O'Mara — evidence that could easily have supported

verdicts against those defendants.  And, the retrial on damages

was ordered because the jury's nominal award was not legally

sustainable given the jury's specific findings on liability.  In

light of those findings, plaintiff was, as a matter of law,

entitled to an award of compensatory damages.[5]  That plaintiff

did not interpose an objection to the court's instructions

regarding damages may have precluded his challenging those

instructions except for plain error, but the facts remain that it

is the court's obligation to properly instruct.  And, given the

jury's liability verdict, plaintiff was entitled to compensatory

damages as a matter of law.  Defendants are not entitled to, and

the court declines to award them attorney's fees related to the

retrial on damages.

---

[5]  Parenthetically, the court notes that Defendants'
attempt to side-step <u>Crossman</u> by invoking Fed. R. Civ. P. 54(d)
and seeking only those fees incurred during the course of the
retrial on damages also fails.  Rule 54, like Rule 68, does not
trump the developed law applicable in determining whether
attorney's fees are properly awardable in civil rights cases.
<u>Id</u>.

**Conclusion**

The defendants' Rule 68 unapportioned joint offer of judgment cannot be reliably compared to the judgment plaintiff ultimately obtained at trial against Rivas alone.  Accordingly, the cost-shifting provisions of Rule 68 cannot be applied with respect to that offer.

King, as the prevailing party in his case against Rivas is entitled to recover taxable costs and attorney's fees, but must pay the taxable costs incurred by the other prevailing defendants.  King's motion for attorney's fees and costs (document no. 123) is, therefore, granted in part and denied in part.  It is granted to the extent it seeks and award of reasonable costs and attorney's fees incurred with respect to his case against Rivas.  Defendants' motion for costs and fees (document no. 127) is likewise granted in part and denied in part.  It is granted to the extent that those defendants who prevailed are entitled to an award of reasonable taxable costs incurred, but denied as to Rivas.  In all other respects, including defendants' request for attorney's fees related to the new trial on damages, the motion is denied.

24

Plaintiff shall file or supplement any objections he might have to the particular taxable costs sought by defendants within ten (10) days of the date of this order.  Defendants likewise may file or supplement any specific objections they might have to taxable costs and attorney's fees claimed by plaintiff within ten (10) days of the date of this order.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

March 26, 2008

cc:  Michael J. Sheehan, Esq.
     Elizabeth L. Hurley, Esq.
     John A. Curran, Esq.